IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BLAKE KELLER, | * | |
| Petitioner, | | |
| vs. | * | CIVIL ACTION NO. PJM-07-804 |
| BUREAU OF PRISONS, | * | |
| Respondent. | | |
| | *** | |

**MEMORANDUM OPINION**

Blake Keller ("Petitioner") is a U.S. Bureau of Prisons ("BOP") inmate currently confined at the Federal Prison Camp in Cumberland, Maryland ("FPC-Cumberland").[1] On March 27, 2007, he filed this 28 U.S.C. § 2241 petition for writ of habeas corpus. Paper No. 1. Petitioner raises due process challenges to the disciplinary finding of guilt and the loss of 13 days good conduct time imposed by authorities at the FPC-Cumberland. *Id*. He claims he was denied due process when (1) he was not provided a written copy of the Discipline Hearing Officer's ("DHO") report within 10 days of the hearing; (2) the DHO's findings were based on an incomplete and inaccurate record of the charges; (3) the Administrative Remedy Claim was not adequately reviewed; and (4) he was charged with violating a non-existent policy. *Id*.

Petitioner states on February 21, 2006, at approximately 7:40 a.m., he reported to his work assignment. After approximately twenty minutes of cleaning areas inside the compound, Petitioner had finished cleaning the area outside of recreation and entered the gymnasium to use the restroom. Petitioner found that the bathroom in the gymnasium was without toilet paper so he returned to his

---

[1] Petitioner is currently serving a 97-month sentence imposed following his conviction of conspiracy to commit money laundering in the United States District Court for the Eastern District of Virginia. Paper No. 3, Ex. 1.

housing unit to use the toilet. While leaving the housing unit to return to his work assignment, Petitioner came across Counselor Perdue who instructed Petitioner to go back into the housing unit building so that Perdue could conduct census. Afer Perdue conducted the census Petitioner returned to his work detail. *Id.*

That evening, Petitioner was served with an incident report for violating Code 316-Being in an Unauthorized Area. Two days later Petitioner received a Unite Disciplinary Committee ("UDC") hearing. UDC staff referred the incident to the DHO.

On March 3, 2006, the DHO conducted a hearing, determined that Code 316 was not the appropriate charge to reflect the offense, and changed the offense to Code 310-Unexcused Absence from Work. The DHO found Petitioner guilty of the offense, and sanctioned him with a loss of 13 days good conduct time and a 45 day loss of commissary privileges. *Id.* Petitioner now asks that the record of the disciplinary action be expunged and that the revoked GCT be restored.

Respondent has filed a Motion to Dismiss and Petitioner has submitted his Response. Paper Nos. 3 & 5. The Court has reviewed the Petition and dispositive pleadings and finds that an oral hearing is not necessary. *See* Local Rule 105.6. (D.Md. 2004). For reasons to follow, the Petition shall be denied and dismissed.

o0o

The BOP has the authority to provide for the protection, instruction, and discipline of all persons convicted of offenses against the United States. *See* 18 U.S.C. § 4042(a)(3). The rules for inmate discipline are promulgated under 28 C.F.R. § 541.14-541.21, and provide for exhaustive process. If staff believe that a violation of a BOP regulation has been committed by an inmate, an incident report is prepared and the inmate is provided a written copy of the charges, typically within

24 hours of the time staff become aware of the inmate's involvement in the incident. *See* 28 C.F.R. §§ 541.14(a) & (b)(2) and § 541.15(a).

An investigating officer reads the charges to the inmate and requests a statement from the inmate after advising him of his rights. After investigation, materials are forwarded to the UDC for an initial hearing, which is ordinarily conducted within 3 working days. *See* 28 C.F.R. §§ 541.15(b). The inmate is entitled to be present at the hearing except during the deliberations of the decision makers or when institutional security would be jeopardized by the inmate's presence, and he may make a statement and present documentary evidence on his own behalf. *See* 28 C.F.R. § 541.15(c) & (d).

After considering the evidence presented at the hearing, the UDC makes a decision based on at least some facts and, if there is conflicting evidence, based on the greater weight of the evidence. *See* 28 C.F.R. § 541.15(f). If the UDC find the inmate committed the prohibited act or a similar act reflected in the incident report and determines that the violation is serious and warrants consideration for non-minor sanctions, the UDC refers the charges without indication of findings as to the commission of the alleged violation to the DHO for further proceedings. *See* 28 C.F.R. §§ 541.15(f)(1) & (3) and (h). The UDC forwards copies of all relevant documents to the DHO with a brief statement of the reasons for the referral, along with any recommendation for appropriate disposition if the DHO later finds the inmate committed the act(s) charged. *See* 28 C.F.R. § 541.15(h). The UDC advises the inmate of his rights to be afforded at the hearing before the DHO and asks the inmate to indicate a choice of staff representative, if any, and the names of witnesses he wishes to be called to testify at the hearing and the nature of the testimony they are expected to

provide. *See* 28 C.F.R. § 541.15(i). These witnesses are listed on the disciplinary hearing notice. *Id*.

When appearing before the DHO, the inmate is entitled to: (1) make a statement ando present documentary evidence; (2) submit the names of requested witnesses and have them called to testify; and (3) present documents on his behalf. *See* 28 C.F.R. § 541.17(c). Witness testimony and documentary evidence may be presented provided the calling of witnesses and disclosure of documents do not jeopardize prison or inmate security. *Id*.

The DHO considers all evidence presented at the hearing and bases his or her decision on some facts and if there is conflicting evidence, on the greater weight of the evidence. *See* 28 C.F.R. § 541.17(f). The DHO makes a determination as to whether or not the inmate committed the charged act(s) or similar act(s) and prepares a record of the proceedings which need not be verbatim. *See* 28 C.F.R. §§ 541.17(f) & (g). The record documents the advisement of the inmate's rights, the findings and decision of the DHO, the specific evidence relied on by the DHO, and includes a brief statement of the reasons for the sanctions. *See* 28 C.F.R. § 541.17 (g). The inmate is provided a written copy of the decision and disposition, ordinarily within 10 days of the decision. *Id*.

o0o

In reliance of Petitioner's base file and the declaration of DHO Losiewicz, Respondent contends that Petitioner's due process rights were not violated. Respondent provides the following information:

On February 21, 2006, staff at FCI-Cumberland prepared an incident report documenting Petitioner's Code 316 violation. Paper No. 3, Ex. 2. The incident report indicated that on February 21, 2006, at approximately 8:10 a.m., Petitioner was in P-Unit-the housing unit. At the time he was

assigned to morning CCS detail.  The incident report noted that Petitioner had been warned previously to be on the compound and not in the unit during work hours. *Id*. Petitioner admits he left his work detail and went into Unit P to use the restroom because there was no toilet paper in the recreation restroom. Paper No. 1.

Petitioner was served with the incident report for a violation of Code 316, Being in an Unauthorized Area. Paper No. 3, Ex. 2.  The Unit Discipline Committee held a hearing on February 23, 2006, and referred the charges to the DHO for further hearing.  Petitioner was advised of his rights before the DHO and given a copy of the advisement of right form. *Id*.

The DHO hearing was conducted on March 3, 2006.  The DHO found that Code 310–Unexcused Absence from Work, more accurately reflected the incident and found Petitioner guilty of same. *Id*.  The DHO's decision did not promptly issue, due to a clerical error. Paper No. 1.  The decision subsequently issued and Petitioner's timely Regional Administrative Remedy Appeal was denied on August 14, 2006.  The Mid-Atlantic Regional Director found that the disciplinary procedures were substantially followed, the evidence was sufficient to support he DHO's finding, the sanctions were appropriate for the offense, and the reporting officer properly wrote the incident report. Paper No. 3, Ex. 2, Attachment F. Petitioner filed a Central Office Administrative Remedy Appeal with was subsequently denied. *Id*., Ex. 2, Attachment G.

In his Reply Petitioner again contents that the decision of the DHO did not issue within ten days of the hearing and reiterates that because the Central Office improperly noted which provision of the Code he was found guilty of violating they could not have properly reviewed his appeal. Paper No. 4.  He also claims that the Officer Hart, the generator of the incident report, failed to note that Officer Perdue was a witness to the event, and that this was an effort to hide the fact that the

5

incident report was an effort by Officer Perdue to retaliate against Petitioner. Petitioner maintains that the Government has failed to demonstrate that a violation of a rule occurred. Petitioner does not, however, dispute the core facts: On the date in question he was assigned to morning CCS detail, and during his work detail he was found in his housing unit. Paper Nos. 1 and 5.

o0o

Although prisoners do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) a written decision; (5) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (6) an impartial decision-maker. *See Wolff*, 418 U. S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain or be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

The Court finds that the disciplinary process associated with Petitioner's institutional charge meets the aforementioned minimum due process procedural requirements. Petitioner received

advanced written notice of the charges on February 21, 2006, more than 24 hours prior to the hearings before the UDC and DHO.[2] In addition, Petitioner was advised of his rights and received formal notice of the UDC decision and advanced notice of the DHO hearing.

Further, the DHO submitted a written statement as to the evidence relied on to determine that Petitioner violated Code 310, and offered specific reasons why the sanctions were imposed. Also, Petitioner was given the opportunity to call witnesses and to present documentary evidence. Petitioner was also given the opportunity to request a staff representative and picked a member of the FCI-Cumberland staff to advise him. Petitioner's staff representative, Dr. H. L. Bryan, the Drug Abuse Treatment Program Coordinator, appeared with Petitioner Bryan stated that he had discussed the incident with Petitioner and told him he should have asked permission from the reporting officer before returning to the unit to use the restroom. Paper No. 3, Ex. 2, Attachment B. Petitioner admitted leaving his assigned work area to return to the housing unit. *Id.*

Petitioner does not appear to argue that his due process rights were violated during the DHO hearing, but rather that they were violated during his appeal, in that the DHO did not timely issue its decision and the Central Office did not fully review the appeal. The Court finds that Petitioner was not prejudiced but the untimely issuance of the DHO decision, because his right to appeal that decision was preserved. Moreover, the Court's independent review of the record that Petitioner was provided all process that was due in the conduct of the disciplinary proceedings.

o0o

---

[2]  The DHO was within his authority to change the discipline code to more accurately reflect the incident. *See Rivera-Lind v. Pettiford*, Slip Copy, 2006 WL 2919069 D.S.C., 2006 (DHO was within his authority when he amended a charge to one of greater severity), *Noesi v. Bledsoe*, 2006 WL 167498, W.D. VA., 2006 (DHO may change charges where the description of the incident in the incident report gives ample notice of the potential charges).

Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.[3]

The proceedings before this court are not a retrial of the incidents and the undersigned finds that the DHO decision was based upon "some evidence." DHO Losiewicz affirms that in finding some evidence to sustain the Code 310 charge, he relied on: (1) statements made by reporting officer that Petitioner was in the P Unit during the AM census count; and (2) statements made by Petitioner that he was in the housing unit during his assigned working hours. The DHO avers that he imposed the sanctions to make an impression on Petitioner and to deter future actions. While Petitioner may dispute that the facts presented are one hundred percent conclusive of whether Petitioner violated Code 310, the Court finds that they are adequate facts upon which to base a prison disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding Petitioner guilty of an unauthorized absence from work.

o0o

---

[3] The role of the district court is not to afford a *de novo* review of the disciplinary board's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials. Otherwise the federal court would assume the task of retrying all prison disciplinary disputes.

To the extent Petitioner contends that Respondent's failure to comply with its own policy statements violated his rights to due process, his claim also fails. Petitioner maintains that the failure to issue the DHO decision within ten days of the hearing, as well as the reporting officer's failure to list Officer Perdue as a witness to the events, were not in compliance with BOP Policy Statements. Specifically, Petitioner notes that Program Statement 5270.07, Inmate Discipline & Special Housing Units, chapter 7, provides in pertinent part that "[t]he DHO shall give the inmate a written copy of the decision and disposition, ordinarily within 10 days of the DHO's decision," and Program Statement 5270.07, Inmate Discipline & Special Housing Units, chapter 5, provides that, "[t]he reporting employee should list [in the incident report] those persons [...] present at the scene."

Simply stated, Petitioner's contention that Respondent violated its own procedural guidelines does not state an independent federal claim. *See Sandin v. Conner*, 515 U.S. 472, 478-87 (1995) (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion").

o0o

Petitioner's claim that the incident report was retaliatory in nature is also unavailing. Generally, claims of retaliation are to be treated with skepticism. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). In order to sustain a claim based on retaliation, a petitioner "must allege *either* that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (emphasis supplied). Petitioner has made a bald allegation that Officer Perdue instructed Officer Hart to write the incident report in retaliation for some unknown event. Such a conclusory allegation is insufficient.

o0o

For the aforementioned reasons the Court concludes that Petitioner's March 3, 2006 disciplinary hearing process comports with due process. The DHO decision shall stand. Habeas relief shall be denied. A separate Order follows.


October 4, 2007                                    /s/
                                        PETER J. MESSITTE
                                    UNITED STATES DISTRICT JUDGE